ACCEPTED
03-14-00782-CV
6887112
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/11/2015 1:16:08 PM
JEFFREY D. KYLE
CLERK

NO. 03-14-00782-CV

| | | |
|---|---|---|
| SANTANDER CONSUMER USA, INC. Appellant, | § § § | IN THE THIRD |
| | § | FILED IN<br>3rd COURT OF APPEALS<br>AUSTIN, TEXAS |
| v. | § § | 9/11/2015 1:16:08 PM |
| | § | JEFFREY D. KYLE |
| MARIO A. MATA, CENTROPLEX AUTOMOBILE RECOVERY, INC., JOHN F. THOMPSON d/b/a CENTROPLEX AUTOMOBILE RECOVERY, INC. REDSHIFT INVESTIGATION, INC., and BLAKE THORNTON VANDUSEN, Appellees. | § § § § § § § § § | COURT OF APPEALS<br><br><br><br>AUSTIN, TEXAS |

### APPELLANT SANTANDER CONSUMER USA, INC.'S RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO AMEND AND SUPPLEMENT BRIEF OF PLAINTIFF-APPELLEE, MARIO A. MATA

Appellant, SANTANDER CONSUMER USA, INC., files this response to the Motion for Leave to Amend and Supplement Brief of Plaintiff-Appellee, Mario A. Mata and asks the Court to deny the motion.

### Introduction

1.    Appellant is SANTANDER CONSUMER USA, INC. ("SCUSA").

2.    Appellee and movant herein is MARIO A. MATA ("Mata").

3.    Mata, who is an attorney, filed his brief pro se on February 17, 2015.

4.    On April 10, 2015, Mata filed a Notice of Appearance and Designation of Lead Counsel, designating E. Jason Billick and William B. Gammon of the Gammon Law Office, P.L.L.C. as counsel for Mata in this appeal.

5.    On August 26, 2015, this Court notified the parties that oral argument is set for September 23, 2015.

6. Mata's counsel argues that Mata's brief must be amended and supplemented "so that it may accurately 'acquaint to court with the issues in [this] case and . . . present [an] argument that will enable the court to decide the case.' Tex. R. App. P. 38.9." (Mata's Motion at ¶ 6.)

## Argument & Authorities

7. Although the Court has the authority under Texas Rule of Appellate Procedure 38.7 to grant a party's motion to amend or supplement a brief, this is not a case in which the Court should do so. While the appellate court has some discretion in allowing a party to amend or supplement a brief, a party cannot wait months after briefing has closed and then argue that justice requires the party to be permitted to present a point of error not previously raised in its brief. *See Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 65 (Tex. 1998).

8. Mata's counsel has represented him in this appeal for five (5) months, but Mata's counsel took no action previously to move this Court to amend and supplement Mata's brief. Now, at this late hour, just twelve (12) days before oral argument, Mata moves this Court to amend and supplement his brief. Mata's counsel fails to show any good cause for their failure to move this Court to amend and supplement Mata's brief prior to this time.

9. Mata's counsel states that a supplemental and amended brief can be filed no later than September 15, 2015—just eight days before oral argument.

10.     The Court should deny Mata's motion to amend and supplement his brief because oral argument is scheduled for September 23, 2015; the filing of an amended and supplemented brief will delay the submission of the appeal, and Mata's motion to amend and supplement his brief will result in prejudice to SCUSA if the Court permits the amendment and supplementation. Specifically, if Mata is allowed to amend and supplement his brief by September 15, 2015, SCUSA will only have a few days to respond to the amended and supplemented brief and to prepare for oral argument.

11.     Further, Mata attempts to raise for the first time on appeal an argument not presented in the trial court—that SCUSA's alleged breach of the retail installment contract invalidated the Arbitration Provision or excused Mata's performance. However, in his pleadings, Mata admitted that the Arbitration Provision had been executed by the parties. (CR 202-210.) Mata did not challenge the validity of the Arbitration Provision; rather, he argued that his claims fell within an exception to the Arbitration Provision. (CR 202-210.) A party fails to preserve a complaint for appeal when the complaint is not raised in the trial court. *Henry v. Fin. Cas. & Sur. Inc.*, No. 01-13-00672-CV, 2014 Tex. App. LEXIS 6524, at *7 (Tex. App.—Houston [1st Dist.] Jun 17, 2014, no pet.) (mem. op.). Whatever the merits of his contentions may be, Mata has not shown that this argument was presented to the trial court. It therefore did not factor into trial court's decision and cannot be part of the appellate court's review on appeal. *See* Tex. R. App. P. 33.1; *Cenoplex, Inc. v. Fox*, 03-12-00758-CV, 2014 Tex. App. LEXIS 1985, at *24-25 n. 4 (Tex. App.—Austin Feb. 21, 2014, no pet.) (mem. op.).

12.     A party must show that a complaint was preserved for appeal when seeking leave of court to amend or supplement a brief. *See Majeed v. Hussain*, No. 03-08-00679-CV, 2010 Tex. App. LEXIS 8477, at *26-27 (Tex. App.—Austin Oct. 22, 2010, no pet.) (mem. op.). An appellate court is entitled to decline a party's attempt to add a new claim in an amended or supplemented brief because justice does not require consideration of the new point of error. *See Standard Fruit,* 985 S.W.2d at 65.

13.     Mata fails to show that he preserved the complaint for appeal that SCUSA's alleged breach of the retail installment contract invalidated the Arbitration Provision or excused Mata's performance. Mata has waived this issue on appeal. Mata fails to show that justice requires that Mata be allowed to amend and supplement his brief.

14.     This Court should decline to allow Mata to amend and supplement his brief assert to a new complaint on appeal.

## Conclusion

15.     Mata fails to show good cause for the failure to move for leave to amend or supplement his brief prior to this time and just shortly prior to oral argument although he has been represented by counsel in this appeal for five months. The filing of an amended and supplemented brief will delay the submission of the appeal, and Mata's motion to amend and supplement his brief will result in prejudice to SCUSA. And, Mata's Motion for Leave to Amend and Supplement Brief is an impermissible attempt to present a new complaint that was not preserved for appeal.

## **Prayer**

For these reasons, Appellant, Santander Consumer USA, Inc. asks the Court to deny Mata's Motion for Leave to Amend and Supplement Brief.

Respectfully submitted,

DEVLIN, NAYLOR & TURBYFILL, P.L.L.C.


*/s/ Deborah C. S. Riherd*
DONALD L. TURBYFILL
State Bar of Texas No. 20296380
dturbyfill@dntlaw.com [E-MAIL]
DEBORAH C. S. RIHERD
State Bar of Texas No. 24038904
driherd@dntlaw.com [E-MAIL]
4801 Woodway, Suite 420 West
Houston, Texas 77056-1805
(713) 622-8338 [PHONE]
(713) 586-7053 [FACSIMILE]
ATTORNEYS FOR APPELLANT
SANTANDER CONSUMER USA, INC.

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the above and foregoing **APPELLANT SANTANDER CONSUMER USA, INC.'S RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO AMEND AND SUPPLEMENT BRIEF OF PLAINTIFF-APPELLEE, MARIO A. MATA** was served on the parties listed below either electronically through an electronic filing manager or in the alternative served by fax prior to 5:00 p.m., in person, by mail, commercial delivery service, or email, on September 11, 2015:

E. Jason Billick
William B. Gammon
firm@gammonlawoffice.com
1201 Spyglass Drive, Suite 100
Austin, Texas 78746
(512) 472-8909 [PHONE]
(888) 545-4279 [FACSIMILE]
ATTORNEYS FOR PLAINTIFF
MARIO A. MATA

David L. Treat
dlt@lstlaw.com
Christopher A. Lotz
clotz@lstlaw.com
Lindow Stephens Treat, LLP
The Vogue Building
600 Navarro Street, Sixth Floor
San Antonio, Texas 78205
(210) 227-2200 [PHONE]
(210) 227-4602 [FACSIMILE]
ATTORNEYS FOR APPELLEES
REDSHIFT INVESTIGATION INC.

John S. Kenefick
JKenefick@MacdonaldDevin.com
John R. Sigety
JSigety@MacdonaldDevin.com
MacDonald Devin, P.C.
3800 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2130
(214) 744-3300 [PHONE]
(214) 747-0942 [FACSIMILE]
ATTORNEYS FOR APPELLEE
BLAKE THORNTON VANDUSEN

Karen C. Burgess
kburgess@richardsonburgess.com
Richardson + Burgess LLP
221 West 6th Street, Suite 900
Austin, Texas 78701-3445
(512) 482-8808 [PHONE]
(512) 499-8886 [FACSIMILE]
ATTORNEY FOR APPELLEES
CENTROPLEX AUTOMOBILE
RECOVERY, INC. AND JOHN F.
THOMPSON

　　*/s/ Deborah C. S. Riherd*
DEBORAH C. S. RIHERD